UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PEREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES COX; et al.,<br><br>    Defendants.<br>_____/ | No. C 06-2227 SI (pr)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Daniel Perez, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

In his complaint, Perez alleges that prison officials obstructed his access to the prison law library which caused him to miss a court deadline. A petition for writ of habeas corpus filed by Perez was denied by the California Court of Appeal on March 24, 2005 and Perez received the order on March 29, 2005. There was some confusion about the deadline to file an appeal therefrom; prison staff members were not very informative and did not provide Perez with unobstructed access to the law library so he could investigate the deadline. He was informed that he could seek permission to file a late petition for review. Perez eventually filed his petition for review in the California Supreme Court and filed a motion for the court to accept the untimely petition for review. On April 27, 2005, Perez "receive[d] a letter from the clerk's office

of the California Supreme Court, informing him of the court's granting permission of/to file untimely petition for review; which was filed on 4-15-05." Complaint, pp. 9-10. The petition was later denied by the California Supreme Court. Complaint, p. 11; Exh. D.

The complaint also includes a section labeled "statement of claim: (B) state claim." Complaint, pp. 13- 15. In that section, Perez alleges that he submitted a state tort claim on June 15, 2005 regarding the denial of access to the courts. The claim was returned with a notice that a filing fee was due and that the claimant had ten days to seek a waiver of the fee. Perez had some difficulty obtaining the materials to show he was a pauper, but within a few weeks, he obtained the materials and sent his claim back to the state board of control. A few weeks later, he received notice from the state board of control to provide further information about his claims. He submitted the information the next week. His claim to the state board of control was denied. The state board of control's denial letter had no indication (and Perez does not allege) that the claim was denied based on the absence of a filing fee or the untimeliness of the request for a waiver of the filing fee.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins,

487 U.S. 42, 48 (1988).

A constitutional right of access to the courts does exist, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351. Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982); see also Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004).

Here, no actual injury has occurred. Perez alleges that the prison officials' limitations on his access to the law library "caused plaintiff to miss a deadline. Which necessitated the filing of an additional motion, whose granting hinged on the court's discretion and not clothed in the law, as would a timely petition." Complaint, p. 5 (errors in source). The motion was granted, however, and the California Supreme Court considered Perez's petition. The petition was denied by the California Supreme Court, but there is no indication in the court's order (and no allegation by Perez) that the denial was for untimeliness.[1] Complaint, Exh. D. Perez therefore did not suffer the actual injury required for a denial of access to the courts claim. It appears that leave to amend would be futile because Perez has given a complete statement of the problem, and those facts do not amount to a constitutional violation actionable in a § 1983 action. At most,

---

[1] The California courts' website on which docket sheets can be viewed, showed that an untimely petition for review was received on April 15, 2005 and filed with permission. See Perez (Daniel) on H.C., Cal. Supreme Court No. S133069, docket sheet on http://appellatecases.courtinfo.ca.gov.

a constitutional violation almost occurred, but the close call is not actionable. The claim for denial of access to the courts is dismissed without leave to amend.

This court cannot determine from the allegations of the complaint whether the section of the complaint labeled "state claim" is an attempt to allege a separate § 1983 claim or a claim for a violation of state law. If Perez intended this section to be a separate § 1983 claim for denial of access to the courts based on the delayed access to materials needed to submit his application for a fee waiver to the state board of control, the claim would fail because there was no actual injury. The allegations of the complaint and exhibits thereto show that Perez's claim was considered and denied by the state board of control with no indication the claim was denied due to a fee problem. The state board of control staff recommended "the claim be rejected because the claim raises complex issues of fact and law that should be resolved through formal legal action." Complaint, Exh. I. The claim was thereafter denied.

To the extent that the "state claim" section of the claim is actually an attempt to allege a separate claim for a violation of state law, the court will decline to exercise supplemental jurisdiction to consider it because the court has dismissed the § 1983 claims that would have provided federal question jurisdiction. See 28 U.S.C. § 1367(c)(3); Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (court may decline to exercise supplemental jurisdiction over related state-law claims under § 1367(c)(3) once it has dismissed all claims over which it has original jurisdiction). The dismissal is without prejudice to plaintiff pursuing a state law claim in state court.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed without leave to amend for failure to state a claim upon which relief may be granted. The dismissal of this action is without prejudice to plaintiff filing an action in state court asserting his state law claims. The clerk shall close the file.

IT IS SO ORDERED.

Dated: June 5, 2006

_____
SUSAN ILLSTON
United States District Judge

4